UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ZACHARY ELLIS | CIVIL ACTION |
| VERSUS | No. 20-1012 |
| MISSISSIPPI FARM BUREAU CASUALTY INSURANCE COMPANY, ET AL. | SECTION I |

## ORDER & REASONS

Before the Court is a motion[1] filed by plaintiff Zachary Ellis ("Ellis") to remand the above-captioned matter to Louisiana state court and for attorneys' fees, costs, and expenses incurred in connection with filing this motion, pursuant to 28 U.S.C. § 1447. For the following reasons, the motion is denied.

### I.

This case arises out of a motor vehicle accident that injured Ellis on March 30, 2019.[2] Ellis sued five defendants in the Civil District Court for the Parish of Orleans on March 17, 2020, alleging that the accident occurred as a result of the negligence of defendants Paul Marchand ("Marchand") and Darrell Hoskins ("Hoskins").[3] Ellis was a passenger in Marchand's vehicle, which was being operated pursuant to a pre-arranged ride request facilitated by Lyft, Inc.[4] Marchand's vehicle collided with a vehicle owned and operated by Hoskins.[5]

---

[1] R. Doc. No. 3.
[2] R. Doc. No. 1-1, at 2 ¶ 3.
[3] *Id.* at 2–5 ¶¶ 3–4, 9–10.
[4] *Id.* at 2 ¶ 3.
[5] *Id.* at 3 ¶ 4. Defendant Mississippi Farm Bureau Casualty Company provided liability insurance coverage to Hoskins at the time of the collision; defendants

At the time he filed his petition, Ellis requested that service be made on each of the defendants.[6] According to the records submitted by Ellis from the Orleans Parish Civil Sheriff's website, the service requests for all defendants, with the exception of Hoskins, were mailed on March 23, 2020.[7] On March 22, 2020, Louisiana Governor John Bel Edwards issued Proclamation Number 33 JBE 2020 which, in pertinent part, placed all individuals within the State of Louisiana "under a general stay-at-home order" and directed all individuals "to stay at home unless performing an essential activity."[8] Ellis asserts that he has been unable to determine whether the service of a civil court petition constitutes an "essential activity" pursuant to Governor Edwards's order.[9]

On March 25, 2020, Indian Harbor removed the case to this Court on the basis of federal diversity jurisdiction.[10] The notice of removal states that Indian Harbor "received service on or after March 25, 2020" and it indicates that Indian Harbor was the only then-served defendant.[11] Ellis filed the instant motion to remand on April 9, 2020.[12] Indian Harbor opposes the motion.[13]

---

National General Insurance Company and Indian Harbor Insurance Company ("Indian Harbor") provided liability insurance coverage to Marchand at the time of the collision. *Id.* at 3 ¶¶ 5–6.
[6] *Id.* at 6–7.
[7] R. Doc. No. 3-5.
[8] R. Doc. No. 3-6, at 2.
[9] R. Doc. No. 3-1, at 5.
[10] R. Doc. No. 1, at 2 ¶ 3.
[11] *Id.* at 2 ¶ 2, 5–6 ¶ 19.
[12] *See* R. Doc. No. 3. Ellis's motion to remand is timely, as he had thirty days from the date that the notice of removal was filed to move for remand. *See* 28 U.S.C. § 1447(c).
[13] R. Doc. No. 7.

## II.

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending," unless Congress provides otherwise. "The removing party bears the burden of establishing that federal jurisdiction exists." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

To remove a case from state to federal court, a defendant must file a notice of removal. 28 U.S.C. § 1446(a). Section 1446(b)(1) states that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1).

Pursuant to 28 U.S.C. § 1332, a district court has original jurisdiction over cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are citizens of different states. However, an action that is otherwise removable based on diversity jurisdiction "may not be removed if any of the

parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). This provision is known as the "forum-defendant rule." *See In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 391 (5th Cir. 2009). "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction," such as the presence of a forum defendant, "must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c); *Texas Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 485 (5th Cir. 2020) (recognizing that "the forum-defendant rule is a procedural rule and not a jurisdictional one").

It is uncontested that the Court has diversity jurisdiction over this action, as Ellis is diverse from all defendants[14] and the amount in controversy exceeds $75,000.[15] It is also uncontested that Marchand is a Louisiana citizen and had not been served when Indian Harbor removed the case.[16]

### III.

Ellis contends that the case must be remanded because Indian Harbor engaged "in exactly the type of gamesmanship [that] the forum defendant rule . . . was meant

---

[14] *See* R. Doc. No. 3-1, at 2 ("This suit, as Indian Harbor stated in its Notice of Removal, is admittedly between diverse parties."). Ellis is a citizen of Texas. R. Doc. No. 1, at 2 ¶ 4; R. Doc. No. 1-1, at 1. Indian Harbor is incorporated in Delaware with its principal place of business in Connecticut; Mississippi Farm Bureau Casualty Company is a foreign corporation with its principal place of business in Mississippi; Hoskins is a citizen of Mississippi; National General Insurance Company is a foreign corporation with its principal place of business in Missouri; and Marchand is a citizen of Louisiana. R. Doc. No. 1, at 2–3 ¶¶ 5–9; R. Doc. No. 1-1, at 1–2.
[15] R. Doc. No. 1, at 5 ¶ 17. Ellis does not argue in his motion to remand that the amount in controversy fails to satisfy the jurisdictional threshold. *See* R. Doc. No. 3.
[16] R. Doc. No. 1, at 3 ¶ 9; R. Doc. No. 1-1, at 2.

4

to curtail."[17] Specifically, Ellis alleges that Indian Harbor is "attempting to game the system" by removing the case before Marchand, the forum defendant, can be served.[18] Ellis argues that Indian Harbor removed the case knowing that Governor Edwards's stay-at-home order would significantly delay Ellis's ability to perfect service on Marchand and, consequently, Ellis's ability to timely move to remand the case once Marchand is served.[19] Indian Harbor triggered the thirty-day clock for Ellis to file his motion to remand based on the presence of a forum defendant when it filed its notice of removal on March 25, 2020.[20] Ellis will not be able to move to remand the case once Marchand, the forum defendant, is served, because more than thirty days have passed since Indian Harbor filed its notice of removal. *See* 28 U.S.C. § 1447(c).

Ellis also appears to argue that Indian Harbor's notice of removal was deficient because it was likely filed before Indian Harbor was served.[21] Ellis contends that "[a]t best, Indian Harbor received service of Plaintiff's state court Petition and *immediately* rushed to draft and file its Notice of Removal before the forum defendant could receive service," and "[a]t worst, Indian Harbor *never* actually received service prior to filing its notice, and had simply monitored the state court dockets so that it

---

[17] R. Doc. No. 3-1, at 6.
[18] *Id.*
[19] *Id.*
[20] *See* R. Doc. No. 1.
[21] Ellis argues that "[i]f we are to take Indian Harbor at its word that it did, in fact, actually receive service of Plaintiff's state court petition, then it is clear that Indian Harbor, upon receipt of that Petition, immediately drafted and filed its Notice of Removal *that very same day.*" R. Doc. No. 3-1, at 5–6. Ellis also makes a point to highlight that "there is no actual indication at this point that Indian Harbor was even served prior to the filing of [its] Notice." *Id.*

could quickly remove any suit filed against it prior to *any* defendant ever receiving service of the state court suit."[22]

The Court will first address whether service upon Indian Harbor was a prerequisite to removal and, second, whether the forum-defendant rule otherwise prevents removal of the case.

### A.

Although the notice of removal states that Indian Harbor "received service on or after March 25, 2020," Indian Harbor clarifies in its opposition to Ellis's motion to remand that it filed the notice "following receipt of the Petition for Damages from its counsel."[23] Accordingly, the question is whether a defendant may properly file a notice of removal prior to being formally served.

The Fifth Circuit has held that "[g]enerally, service of process is not an absolute prerequisite to removal." *Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000). In *Delgado*, the Fifth Circuit interpreted the removal statute, 28 U.S.C. § 1446(b), "and its 'through service or otherwise' language as consciously reflecting a desire on the part of Congress to require that an action be commenced against a defendant before removal, but not that the defendant have been served." *Id*. Although *Delgado* addressed whether a *foreign-state* defendant must be served prior to filing a notice of removal, district courts in the Fifth Circuit have consistently interpreted its holding as applying to *all* defendants. *See Perez v. ZTE (USA), Inc.*, No. 18-2948, 2019

---

[22] *Id*. at 6.
[23] R. Doc. No. 1, at 2; R. Doc. No. 7, at 1.

6

WL 1429654, at *2 (N.D. Tex. Mar. 29, 2019) ("[I]t does not appear that the Fifth Circuit was trying to limit its holding to just removal by foreign-state defendants."); *Leech v. 3M Co.*, 278 F. Supp. 3d 933, 942 (E.D. La. 2017) (Brown, J.); *Foster v. Rescare, Inc.*, No. 16-670, 2016 WL 3388387, at *2 n.13 (E.D. La. June 20, 2016) (Vance, J.); *Defrancesch v. Employers Mut. Cas. Co.*, No. 075843, 2007 WL 3172103, at *1 (E.D. La. Oct. 29, 2007) (Zainey, J.).

In Louisiana, an action is "commenced by the filing of a pleading." La. Code Civ. Pro. art. 421. Thus, when Ellis filed his petition in state court, he commenced the present litigation and permitted Indian Harbor to file its notice of removal, even without proper formal service of process or waiver of such. *See Delgado*, 231 F.3d at 177. Therefore, Indian Harbor's removal of the case prior to formal service is not a ground for remand.

## B.

Ellis also contends that the Court must remand the case because Indian Harbor filed its notice of removal shortly after he filed his state court petition and before Marchand could be served, thereby engaging in gamesmanship contrary to the intent of the forum-defendant rule.[24] The forum-defendant rule provides that a case "may not be removed if any of the parties in interest properly *joined and served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). Ellis argues that the purpose of the "joined and served" requirement is to prevent plaintiffs from joining a forum defendant whom it does not

---

[24] R. Doc. No. 3-1, at 4.

intend to serve in order to make the case nonremovable—in other words, to prevent fraudulent joinder and gamesmanship.[25]

Ellis reasons that "the same consideration against gamesmanship" applies with equal force when defendants attempt to use the "joined and served" requirement to their advantage by monitoring the state court docket and quickly removing an otherwise nonremovable action before service can be perfected on a forum defendant.[26] This practice is referred to as "snap removal." *Leech*, 278 F. Supp. 3d at 942. Ellis cites several federal district court cases from outside the Fifth Circuit in support of his position that the forum-defendant rule prohibits snap removal.[27] *See, e.g.*, *Ethington v. Gen. Elec. Co.*, 575 F. Supp. 2d 855, 862 (N.D. Ohio 2008) (holding that "a literal interpretation of [28 U.S.C. § 1441(b)(2)] creates an opportunity for gamesmanship by defendants, which could not have been the intent of the legislature in drafting the 'properly joined and served' language") (internal citation and quotation marks omitted).

However, the Fifth Circuit recently considered and squarely rejected Ellis's argument. *See Texas Brine*, 955 F.3d at 486. In *Texas Brine*, the defendant-corporation, which was not a citizen of Louisiana, the forum state, removed the action four days after the plaintiff filed its petition—before the two forum defendants could be served. *Id.*; *Texas Brine Co., LLC v. Am. Arbitration Ass'n, Inc.*, No. 18-6610, 2018 WL 4927640, at *1 (E.D. La. Oct. 11, 2018) (Vance, J.). The plaintiff argued that while

---

[25] *Id.*
[26] *Id.* at 4, 6.
[27] R. Doc. No. 3-1, at 4–5.

the plain language of 28 U.S.C. § 1441(b)(2) allows for snap removal, such a result was absurd and defeated Congress's intent in imposing the "joined and served" requirement, because the plaintiff did not fraudulently join the forum defendants and intended to pursue its claims against them. *Texas Brine*, 955 F.3d at 486. The Fifth Circuit disagreed, holding that because the plain language of the statute is unambiguous and snap removal is not an absurd result, the plain-language reading of the forum-defendant rule controls. *Id*. at 486–87 (citing *Dunn-McCampbell Royalty Interest, Inc. v. Nat'l Park Serv.*, 630 F.3d 431, 438 (5th Cir. 2011)).

Therefore, applying the plain language of § 1441(b)(2), Indian Harbor's removal was not barred by the forum-defendant rule, because the only defendant "properly joined and served" at the time of removal, Indian Harbor, was not a citizen of Louisiana, the forum state. *See id*. at 486; 28 U.S.C. § 1441(b)(2).

Ellis avers that Indian Harbor's snap removal is especially improper in light of the COVID-19 pandemic, which has considerably delayed or, perhaps, even halted the service of state court petitions.[28] As stated previously, Ellis contends that he has been unable to determine whether the service of state court petitions constitutes an "essential activity" that may proceed under Governor Edwards's order.[29] While the Court recognizes the difficulty that COVID-19 may impose on perfecting service, the Fifth Circuit made clear in *Texas Brine* that it will not insert an exception into § 1441(b)(2) requiring that a defendant give the plaintiff "a reasonable opportunity to

---

[28] *Id*. at 6.
[29] R. Doc. No. 3-1, at 5.

9

serve a forum defendant" before removing the case. *Id.* at 487. Moreover, Ellis had thirty days from the time Indian Harbor filed its notice of removal on March 25, 2020 to serve Marchand and move for remand. Ellis does not allege that he unsuccessfully requested waiver of service by Marchand or otherwise attempted to serve Marchand via any other method provided for by the Federal Rules of Civil Procedure during this thirty-day window, beyond his initial request for service on all defendants when he filed his state court petition on March 17, 2020. *See* Fed. R. Civ. P. 4(c), (d).[30]

## IV.

Accordingly,

**IT IS ORDERED** that Ellis's motion to remand is **DENIED.**

New Orleans, Louisiana, May 13, 2020.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[30] After removal, service is governed by federal statute, 28 U.S.C. § 1448, which provides that in any case where service was not properly made in state court, "process or service may be completed or new process issued in the same manner as in cases originally filed in district court."